## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

CHRISTOPHER FIELDS                                                                        PLAINTIFFS
and KENNETH HILL

v.                                          No. 4:14CV00137 JLH

R.L. HURST INCORPORATED; HURST
CONCRETE CONSTRUCTION, INC.;
R.L. HURST CONSTRUCTION;
RODNEY L. HURST, individually and as
owner, officer, or director of R.L. Hurst
Incorporated, Hurst Concrete Construction,
Inc., and R.L. Hurst Construction                                                          DEFENDANTS

## **AMENDED OPINION AND ORDER**[1]

Christopher Fields and Kenneth Hill brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq*., seeking overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. They also asserted a claim under the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, and sought punitive damages for that claim. Ultimately, the parties reached a settlement pursuant to which the defendants paid $7,500 to Christopher Fields and $5,000 to Kenneth Hill in full payment for unpaid wages and liquidated damages. The settlement provided that the plaintiffs could seek reasonable attorneys' fees and court costs as provided in 29 U.S.C. § 216(b), in addition to the $12,500 paid for unpaid wages and liquidated damages. *See* Document #20.

The plaintiffs have now filed their motion for costs and attorneys' fees. They seek $18,269.55 in attorneys' fees plus $600 in costs. The defendants have not objected to the costs, but

---

[1] This Amended Opinion and Order corrects the computation on page 4. The earlier version counted 1.7 hours of Josh West twice.

they do object to the fee request, arguing that the request is excessive in light of the small amount of the recovery and the time necessary to obtain it.

The starting point for determining the amount of reasonable fees is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). In determining the lodestar, a court may consider such factors as

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3, 103 S. Ct. at 1937 n.3. When the party seeking an award of fees submits inadequate documentation of its hours and rates, "the district court may reduce the award accordingly." *Id.* at 433, 103 S. Ct. at 1939. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434, 103 S. Ct. at 1939-40. After determining the lodestar, other considerations, such as "the important factor of the 'results obtained,'" may lead a court to adjust the fee upward or downward. *Id.* at 434, 103 S. Ct. at 1940. No precise rule or formula exists for making these determinations. *Id.* at 436, 103 S. Ct. at 1941. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437, 103 S. Ct. at 1941.

The plaintiffs have provided a billing statement with itemized time entries for Josh Sanford, Josh West, an unidentified person whose initials are VK, and an unidentified person designated in

the billing entries as S. They request an hourly rate of $290 for Sanford and $190 for West. They also seek $250 per hour for VK and $75 per hour for S. They have provided a chart of the hourly rates and the hours billed for each timekeeper as follows:

| **Attorney** | **Hourly Rate** | **Hours Billed** | **Fees Charged** |
|---|---|---|---|
| JS | $290.00 | 20.40 | $5,916.00 |
| JW | $190.00 | 72.50 | $13,592.50[2] |
| VK | $250.00 | 5.90 | $1,475.00 |
| S | $75.00 | .40 | $30.00 |
| **TOTAL** | | **99.20** | **$21,013.50** |

They also have itemized entries that they concede are redundant or duplicative. Those redundant or duplicative entries include .3 hours for Josh Sanford and 3.3 hours for Josh West. Thus, they reduced the request by $714 to $20,299.50. In addition, they propose an additional ten percent "haircut" to bring the requested amount to $18,269.55.

The first issue is whether the hourly rates are reasonable. In similar cases, the Court has found reasonable hourly rates to be $275 for partners, between $175 and $225 for associates, and between $75 and $100 for paralegals. *See Ginnaven v. Alabama Arkansas Wildlife, LLC*, No. 5:15CV00140-JLH, slip op. at 7 (E.D. Ark. Nov. 5, 2015) (Document #28); *Beauford v. ActionLink, LLC*, No. 4:12CV00139-JLH, slip op. at 7 (E.D. Ark. Jan. 15, 2014) (Document #149); *Hendricks v. Inergy, L.P.*, No. 4:12CV00069-JLH, slip op. at 4-5 (E.D. Ark. Jan. 6, 2014) (Document #133); *Madden v. Lumber One Home Ctr., Inc.*, No. 4:10CV01162-JLH, slip op. at 8 (E.D. Ark. May 22,

---

[2] A few entries for West are billed at $95 per hour and some at $60 per hour. According to Sanford's affidavit, those entries are for time expended that would be more appropriate for a paralegal than for an attorney. Thus, the total of $13,592.50 is less than the product of $190 multiplied by 72.50.

2013) (Document #102). The partners in those cases had experience and expertise equal to or greater than Sanford's. In keeping with these prior decisions, a reasonable hourly rate for Sanford is $275. The requested hourly rates for West's time is consistent with the prior decisions of the Court, so those hourly rates are deemed reasonable. No information was provided to the Court regarding VK. VK is not identified by name nor are VK's qualifications described anywhere in the moving papers. Therefore, VK's time will be disallowed. Similarly, S is not identified, and the time entry for S appears to be clerical work. "Secretaries' salaries come within a firm's overhead. Secretarial work on a case should not be billed to a client, nor to an opposing party in a fee-shifting case." *Gilster v. Primebank*, 884 F. Supp. 2d 811, 872 (N.D. Iowa 2012). Therefore, the time billed by S will be disallowed.

After making these reductions, the initial lodestar calculation is:

| | | |
|---|---|---|
| Josh Sanford | 20.1 hours x $275 = | $5,527.50 |
| Josh West | 1.1 hours x $95 = | $104.50 |
| Josh West | .6 hours x $60 = | $36.00 |
| Josh West | 67.5 hours x $190 = | $12,825.00 |
| TOTAL | | $18,493.00 |

Based on that number, the ten percent "haircut" would be $1,849,[3] which results in a fee award of $16,644.00.

Defendants argue, in part, that the fee award should be limited to a percentage of the recovery by the named plaintiffs. The Eighth Circuit has rejected a rule of proportionality in civil rights cases because tying the fee award to the recovery would discourage litigants from pursuing cases with small amounts of damages. *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006).

---

[3] The ten percent haircut is justified here because of the many entries for more than one lawyer to review a document and for internal communications.

## CONCLUSION

The plaintiffs' motion for costs and attorneys' fees is GRANTED IN PART and DENIED IN PART. Document #23. Attorneys' fees are awarded in the amount of $16,644. In addition, costs and expenses are awarded in the amount of $600. The total amount is $17,244. A judgment will be entered separately.

IT IS SO ORDERED this 9th day of November, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE